WILLIAM F. MAYER

*v.*

MARY L. C. C. SCHNEIDER.

*Opinion filed October 24, 1904—Rehearing denied December 9, 1904.*

1. APPEALS AND ERRORS—*existence of verbal contract is a question of fact.* The question of the existence of a verbal contract between the deceased and a claimant against his estate is one of fact, upon which the judgment of the Appellate Court is final.

2. REMOVAL OF CAUSES—*right to remove cause must be exercised before pleading.* Under the act of Congress one entitled to remove a cause from a State court to the Federal court must file his petition before he is required by law or ruled by the State court to answer or plead.

3. SAME—*when party is not entitled to remove cause.* A non-resident heir who files objections in the county court to the allowance of a claim against the estate, appeals to the circuit court and from there to the Appellate Court, is not entitled, upon remandment of the case to the circuit court, to petition for removal of the case to the Federal court.

*Mayer* v. *Schneider,* 112 Ill. App. 628, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

JOHN F. HAAS, for appellant.

H. M. KELLY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the Second District affirmed the judgment of the circuit court of LaSalle county allowing a claim of appellee against the estate of Bertha C. C. Schneider, deceased, at the sum of $4755.50, and ordering the claim classified as of the seventh class, to be paid by the administrator of said estate in due course of administration.

Appellant, one of the heirs and who objected to the allowance of the claim and appealed to the Appellate Court, has prosecuted this further appeal.

Appellant presents two grounds for a reversal of the judgment of the Appellate Court, one of which is, that the court erred in its finding upon the controverted question of fact. It is insisted that the evidence did not warrant the inference drawn from it by the Appellate Court that there was a contract between appellee and Bertha C. C. Schneider to pay for the services upon which the claim was based. The alleged contract was verbal, and its existence was a question of fact conclusively settled by the judgment of the Appellate Court.

The other error alleged consists in affirming the ruling of the circuit court denying appellant's petition for the removal of the cause from that court to the Circuit Court of the United States. In our opinion the decision of the circuit court was correct. If appellant ever had a right to remove the cause to the Circuit Court of the United States, he had lost it by failing to comply with the act of Congress granting the privilege. A provision of that act is, that the party entitled to remove a cause from a State court shall file his petition therein in the State court at the time, or any time before, the defendant is required by the laws of the State or the rule of the State court in which the suit is brought, to answer or plead to the declaration of the plaintiff. If the presentation and allowance of a claim against the estate of a deceased person is such a suit or proceeding as may be removed from a State court to a Circuit Court of the United States, and if the right to remove depends upon the citizenship of an heir entitled to share in the distribution of any assets that may remain after the payment of debts and expenses of administration, who appears and objects to the allowance of the claim, instead of the citizenship of the personal representative of the deceased, the act of Congress must be complied with, and there is no right to a removal after a trial in the State court.

In this case, the appellant had two trials on the merits and an appeal to the Appellate Court before the attempted removal of the cause. Appellee was administratrix of the estate of Bertha C. C. Schneider, and on November 19, 1901, she filed two claims against the estate in the probate court of LaSalle county. On November 25, 1901, the probate court appointed Edgar Eldredge as administrator *ad litem* to appear and defend for the estate. On November 26, 1901, appellant entered his appearance and filed objections to the claims. On January 2, 1902, the appellant and Eldredge appeared in the probate court, when the claims were consolidated and there was a jury trial, resulting in a verdict for appellee and an allowance of $7595.39 as of the seventh class. In pursuance of the statute allowing to any person aggrieved by the judgment of the probate court an appeal to the circuit court, appellant was granted an appeal and gave a bond in the sum of $250. There was a trial by jury in the circuit court, resulting in a verdict and allowance for $7494. Appellant again appealed to the Appellate Court for the Second District, where the judgment was reversed and the cause was remanded to the circuit court. After the re-instatement in the circuit court appellant presented his petition for the removal of the cause, alleging that he was a citizen of the State of Ohio.

Whatever controversy there was between appellant and appellee began when appellant appeared in the probate court and filed his objections to the allowance of appellee's claims. The claims filed by appellee took the place of declarations, and the Administration act permitted objections thereto not only by the executor or administrator, but by the widow, heirs or other persons interested in the estate, and allowed an appeal to the circuit court to any one aggrieved by the judgment, order or decree of the probate court. Appellant had a right to object to the claims of appellee, and did so by filing his objections, which constituted his pleas. Having pleaded to the claims without then asking for a removal from the State court, and having tried the case twice in State courts,

he had no right afterward to file a petition for the removal of the cause. He says that he never became a party to the cause until he appealed from the allowance in the probate court. If that were true his position could not be maintained, but the suit was at all times the same, and his relation to it was the same from the time he appeared and filed his objections. The judgment, in any case, would be against the personal representative, and appellant's defense was in the name of the administrator. The defense, although made by him, was the defense of the estate. Appellant assumed additional liabilities by giving the appeal bonds to the circuit court and Appellate Court, but the controversy was still between the appellee and the estate. Appellant did not have the privilege of experimenting with the probate and circuit courts before exercising the right to remove the cause therefrom, if he had any such right.

　　The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*